Case 4:20-cv-02773   Document 22   Filed on 07/09/21 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
July 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARRELL CUTTING, *et al.*, | § § | |
| Plaintiffs. | § § | |
| VS. | § § | CIVIL ACTION NO. 4:20-cv-02773 |
| STATE FARM LLOYDS, | § § | |
| Defendant | § | |

## **MEMORANDUM AND RECOMMENDATION**

Pending before me is a motion for summary judgment filed by Defendant State Farm Lloyds ("State Farm"). *See* Dkt. 15. Having reviewed the briefing, the record, and the applicable law, I recommend that the motion be **GRANTED**, and this case dismissed.

## **BACKGROUND**

Plaintiffs Darrell and Maria Cutting (the "Cuttings") had an insurance policy with State Farm that covered their home at 18211 Ludnar Lane, Tomball, Texas 77377 (the "Property"). The parties agree that the policy contained a valid and enforceable provision that required any lawsuit against State Farm to be filed "within two years and one day after the cause of action accrue[d]." Dkt. 15-2 at 37.

The Cuttings allege that the Property incurred significant damage on August 28, 2017, when Hurricane Harvey battered the Gulf Coast. Following the storm, the Cuttings filed a claim with State Farm. Two State Farm adjusters inspected the Property and concluded that the damage was caused by flood or surface water, and State Farm denied coverage in a letter dated November 10, 2017.

A little over two years later, the Cuttings reached out to State Farm and asked the company to reconsider its decision. State Farm responded to the Cuttings' request for reconsideration by letter dated November 27, 2019 (the "2019 Letter"),

and affirmed its initial denial of the insurance claim. The 2019 Letter stated, in pertinent part:

> We believe we have handled the Cuttings' claim promptly and in good faith. You may submit any documentation in your possession for our review. Any re-evaluation and investigation of the damaged property does not extend the period of time provided in Section I - Conditions, Suit Against [State Farm].

Dkt. 19-2 at 2.

The Cuttings filed suit in state court on July 1, 2020, alleging State Farm breached the relevant insurance policy by failing to pay the benefits due under the relevant insurance policy for storm-related damage. The case was timely removed to this Court. State Farm has filed for summary judgment, arguing that the Cuttings' claims for affirmative relief are barred by the policy's two-year and one-day limitations period. The Cuttings argue that summary judgment is inappropriate because the two-year limitations period reset when State Farm sent the 2019 Letter.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In ruling on a summary judgment motion, I must view the facts and draw inferences from the facts in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

The movant bears the initial burden of providing the trial court with a legal basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the movant is successful, the burden shifts to the non-movant who must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). A non-movant may not simply rely on the Court to sift through the

record to find a fact issue but must point to specific evidence in the record and articulate precisely how that evidence supports the challenged claim. *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). *See also United States v. del Carpio Frescas*, 932 F.3d 324, 331 (5th Cir. 2019) ("Judges are not like pigs, hunting for truffles buried in the record." (quotation omitted)).

Moreover, the evidence the non-movant provides must raise more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. This evidence must be such that a jury could reasonably find in the non-movant's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the non-movant is unable to make such a showing, I must grant summary judgment. *See Little*, 37 F.3d at 1075.

## ANALYSIS

Summary judgment on a limitations defense is appropriate "if there is no genuine dispute of material fact as to when the limitations period began or expired." *Painter Family Invs., LTD. v. Underwriters at Lloyds, Syndicate 4242*, 836 F. Supp. 2d 484, 489 (S.D. Tex. 2011). Determining when a limitations period begins is generally a question of law. *See Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). For purposes of computation, "a statute of limitations begins to run when the cause of action 'accrues'—that is, when the plaintiff can file suit and obtain relief." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 105 (2013) (quotation omitted).

When it comes to determining the proper accrual date in this case, Texas law provides an easy answer: "a plaintiff's cause of action for bad-faith breach of a first-party insurance contract accrues at the time the insurer denies the insured's claim." *Knott*, 128 S.W.3d at 221. *See also Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990) (denial of claim triggers limitations period). As already noted, State Farm sent the Cuttings a letter on November 10, 2017

"denying coverage." Dkt. 15-3 at 3.[1] This letter clearly and unequivocally put the Cuttings on notice that State Farm was refusing to pay on the claim. To the extent the Cuttings disagreed with State Farm's assessment, they had sufficient facts at that time to assert a breach of contract claim against State Farm. Thus, the limitations period began to run on November 10, 2017. The parties agree that the applicable limitations period for the Cuttings' breach of contract claim is two years and one day.[2] This means the limitations period for the Cuttings' breach of contract claim expired on November 11, 2019. Because the Cuttings did not file suit until July 1, 2020, their claim is time-barred, and State Farm is entitled to summary judgment.

The Cuttings argue that summary judgment is inappropriate because a genuine fact issue exists as to whether the limitations period reset when State Farm sent the 2019 Letter denying the Cuttings' request for reconsideration. The Cuttings are simply wrong. The statute of limitations does not reset or restart "unless the insurer expressly or impliedly withdraws or changes its decision by, for example, making an additional payment or taking action inconsistent with that

---

[1] Oddly, the November 10, 2017 letter is not part of the summary judgment record. That is, however, of no moment because the Cuttings readily admitted in the initial lawsuit that State Farm sent a letter to them on November 10, 2017, denying coverage. *See White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983) ("Normally, factual assertions in pleadings and pretrial orders are considered to be judicial admissions conclusively binding on the party who made them.").

[2] Although contract actions in the State of Texas are usually governed by a four-year statute of limitations, *see* TEX. CIV. PRAC. & REM. CODE § 16.004, an insurer may limit the time for filing suit through contractual provisions in an insurance policy. *See Jett v. Truck Ins. Exch.*, 952 S.W.2d 108, 109 (Tex. App.—Texarkana 1997, no writ); *Bazile v. Aetna Cas. & Sur. Co.*, 784 S.W.2d 73, 74 (Tex. App.—Houston [14th Dist.] 1989, writ dism'd). Such provisions are valid and enforceable so long as they do not create a limitations period shorter than two years. *See* TEX. CIV. PRAC. & REM. CODE § 16.070 ("[A] person may not enter a stipulation, contract, or agreement that purports to limit the time in which to bring suit on the stipulation, contract, or agreement to a period shorter than two years."). "Insurance provisions that limit the time within which to file a suit to two years and a day are valid and binding." *Willoughby v. Metro. Lloyds Ins. Co. of Texas*, 548 F. App'x 121, 122 n.1 (5th Cir. 2013) (cleaned up).

decision." *Grayson v. Lexington Ins. Co.*, No. G-15-120, 2016 WL 4733447, at *2 (S.D. Tex. Sept. 12, 2016). The 2019 Letter's statement that State Farm would accept additional information "is not action inconsistent with a final decision denying a claim." *Id. See also Sheppard v. Travelers Lloyds of Tex. Ins. Co.*, No. 14-08-00248-CV, 2009 WL 3294997, at *6 (Tex. App.—Houston [14th Dist.] Oct. 15, 2009, pet. denied) ("[A]n invitation to provide additional information does not negate a prior denial [of an insurance claim]."). State Farm's willingness to reconsider a coverage decision also does nothing to overturn the unequivocal denial of the claim back in 2017. *See Sheppard*, 2009 WL 3294997, at *6 ("[T]he possibility that the insurer may revisit the claim or change its decision" does not negate a prior denial of coverage.).

There is nothing about the 2019 Letter that is inconsistent with State Farm's denial of the insurance claim in 2017. The 2019 Letter simply states that State Farm stands by its earlier decision to deny the claim, while indicating that the company would be willing to review "any documentation in your possession." Dkt. 19-2 at 2. This language does not somehow invalidate the November 10, 2017 accrual date. *See De Jongh v. State Farm Lloyds*, 664 F. App'x 405, 409 (5th Cir. 2016) ("Requesting that an insurance company reinvestigate a closed file does not in and of itself reset the limitations clock."); *Bustos v. Lloyds*, No. 4:19-CV-04812, 2020 WL 5745823, at *4 (S.D. Tex. July 13, 2020) (An insurance company's "review of additional information and re-opening of its file to conduct an additional inspection did not reset the limitations clock."). It is particularly noteworthy that the 2019 Letter expressly states that any re-evaluation or reconsideration will not extend the time period for bringing a claim against State Farm as spelled out in the insurance policy. Yet that is exactly what the Cuttings are asking me to do.

As State Farm notes, one Texas appellate court has addressed an almost identical situation. In *Pace v. Travelers Lloyds of Texas Insurance Co.*, the insurer sent a letter to the plaintiff on April 26, 2000, denying an insurance claim, and instructing the plaintiff to submit any new information that may impact the

coverage decision. *See* 162 S.W.3d 632, 633 (Tex. App.—Houston [14th Dist.] 2005, no pet.). The plaintiff subsequently provided the insurer with additional evidence supporting his claim and the insurer responded with a letter stating that it had re-opened the claim file, considered the supplemental evidence, but re-affirmed its initial denial of the plaintiff's insurance claim. *See id.* at 634. The plaintiff filed suit on January 8, 2003, more than two years after the insurer's first letter denying the claim. *See id.* at 633. The plaintiff argued that a fact issue existed as to the accrual date based on the insurer's second letter inviting the claimant to provide new information for the insurer's consideration. *See id.* at 634. The 14th Court of Appeals did not agree, and instead held that the limitations period barred the plaintiff from proceeding because his claims accrued on April 26, 2000, the date the insurer "unequivocally communicated a decision to deny coverage." *Id.* The appellate court held that neither an invitation to provide additional information, nor a decision to re-evaluate the claim, triggered a new starting point for limitations. *See id.* To hold otherwise, the court explained, would put insurers in an untenable position every time an insured requested reconsideration of a coverage claim because they would have to choose between (1) "refusing [requests for reconsideration] outright, thereby risking a bad faith claim"; or (2) "considering the request and restarting the limitations period." *Id.* at 635. I adopt the reasoning and logic of *Pace*.

\*\*\*\*

The Cuttings' breach of contract action accrued on November 10, 2017, when State Farm initially denied their claim. To be timely, the Cuttings had until November 11, 2019 to file suit against State Farm. Because the Cuttings did not file suit against State Farm until July 1, 2020, the breach of contract claim is barred by the policy's limitations provision. This case should be dismissed.

## CONCLUSION

For the reasons identified above, I **RECOMMEND** that State Farm's Motion for Summary Judgment (Dkt. 15) be **GRANTED**, and this case dismissed.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 9TH day of July 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE